AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT

### ORIGINAL

for the

Southern District of New York

**DOC # 6**

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| **CALVIN R. DARDEN, Jr.** | ) |
| | ) |
| *Defendant* | ) |

Case No.   **14 MAG 283**

*[stamp: U.S. DISTRICT COURT FILED MAR 10 2014 S.D. OF N.Y.]*

### APPEARANCE BOND

### Defendant's Agreement

I,   **CALVIN R. DARDEN, Jr.** _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )    to appear for court proceedings;
( X )    if convicted, to surrender to serve a sentence that the court may impose; or
( X )    to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(  ) (1)   This is a personal recognizance bond.

(  ) (2)   This is an unsecured bond of $ _____ .

( X ) (3)   This is a secured bond of $   **1 MILLION PRB** _____ , secured by:

(  ) (a) $ _____ , in cash deposited with the court.

(  ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it – such as a lien, mortgage, or loan – and attach proof of ownership and value)*:
**SECURED BY $300,000 CASH OR PROPERTY** _____

_____

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

(  ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

_____

_____

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

AO 98 (Rev. 12/11) Appearance Bond

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;

    (2)    the property is not subject to claims, except as described above; and

    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: _____

_____
Defendant's signature: **CALVIN R. DARDEN, Jr.**

_____
Surety/property owner – printed name **JENISE MEDINA**

_____
Surety/property owner – signature and date

_____
Surety/property owner – printed name
Suhaine Pedroso

_____
Surety/property owner – signature and date

_____
Surety/property owner – printed name
Melanie Pedroso

_____
Surety/property owner – signature and date

CLERK OF COURT

Date: _____

_____
Signature of Clerk or Deputy Clerk

Approved.

Date: _____

_____
AUSA: **JAMES PASTORE**

AO 93 (Rev. 12/11) Appearance Bond

## Declarations

*Ownership of the Property.*   I, the defendant – and each surety – declare under penalty of perjury that:

    (1)      all owners of the property securing this appearance bond are included on the bond;

    (2)      the property is not subject to claims, except as described above; and

    (3)      I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.*   I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me.   I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true.   (See 28 U.S.C. § 1746.)

Date:

*Defendant's signature:* **CALVIN R. DARDEN, Jr.**

*Surety/property owner – printed name* **JENISE MEDINA**

*Surety/property owner – signature and date*

*Surety/property owner – printed name*
Suhaine Pedroso

*Surety/property owner – signature and date*

*Surety/property owner – printed name*
MARILYN L. SIMS

*Surety/property owner – signature and date*

Date:

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

Approved.

Date:

*AUSA:* **JAMES PASTORE**

AO 199A (Rev. 12/11)  Order Setting Conditions of Release                                                    Page 1 of _____ Pages

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

<table>
<tr><td>United States of America<br>v.<br><br>CALVIN R. DARDEN, Jr.<br><i>Defendant</i></td><td>)<br>)<br>)<br>)<br>)</td><td>Case No.    <b>14 MAG 283</b></td></tr>
</table>

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)    The defendant must not violate federal, state, or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)    The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)    The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

        The defendant must appear at: _____
                                                       *Place*

        _____

        on _____
                                           *Date and Time*

        If blank, defendant will be notified of next appearance.

(5)    The defendant must sign an Appearance Bond, if ordered.

AO 199B   (Rev. 12/11) Additional Conditions of Release                                                  Page ____ of ____ Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(  ) (6)  The defendant is placed in the custody of:

      Person or organization    _____

      Address *(only if above is an organization)*    _____

      City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____    _____
                                        *Custodian*                                 *Date*

( X ) (7)  The defendant must:

  ( X ) (a)  submit to supervision by and report for supervision to the   **STRICT PRETRIAL SUPERVISION**  ,
           telephone number   _____ , no later than _____ .

  (  ) (b)  continue or actively seek employment.

  (  ) (c)  continue or start an education program.

  ( X ) (d)  surrender any passport to:   **PSA (& NO NEW APPLICATIONS)**

  ( X ) (e)  not obtain a passport or other international travel document.

  ( X ) (f)  abide by the following restrictions on personal association, residence, or travel:   **SDNY/EDNY**

  (  ) (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____

  (  ) (h)  get medical or psychiatric treatment: _____

  (  ) (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

  (  ) (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

  (  ) (k)  not possess a firearm, destructive device, or other weapon.

  (  ) (l)  not use alcohol (    ) at all (    ) excessively.

  (  ) (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical medical practitioner.

  (  ) (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

  (  ) (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

  (  ) (p)  participate in one of the following location restriction programs and comply with its requirements as directed.

      (  ) (i)  **Curfew.** You are restricted to your residence every day (    ) from _____ to _____ , or (    ) as directed by the pretrial services office or supervising officer; or

      (  ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

      ( X ) (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

  (  ) (q)  submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

      (  ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

  (  ) (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

## ADDITIONAL CONDITIONS OF RELEASE

$1 MILLION PRB TO BE CO-SIGNED BY 5 FINANCIALLY RESPONSIBLE PERSONS; SECURED BY $300,000 CASH OR PROPERTY; TRAVEL LIMITED TO SDNY/EDNY; SURRENDER TRAVEL DOCUMENTS (& NO NEW APPLICATIONS); STRICT PRETRIAL SUPERVISION; HOME INCARCERATION; ELECTRONIC MONITORING; NO RELEASED EXCEPT COURT OR WITH ADVANCE NOTICE TO MEET WITH COUNSEL; NO COMPUTER LINE; DEFT TO PAY COST OF ELECTRONIC MONITORING; DEFT TO BE RELEASED UPON SATISFACTION OF FOLLOWING CONDITIONS; HOME INCARCERATION; MONITORING PLUS 5 FRP'S, IF THEY HAVE SIGNIFICANT ASSETS; REMAINING CONDITIONS TO BE MET BY 2/27/14; BAIL MODIFIED BY USMJ COTT ON 3/5/14, THE $300,000 CASH OR PROPERTY PORTION CAN BE SATISFIED
( X )  (s) THROUGH THE POSTING OF A BOND BY NEW YORK STATE BAIL BONDMAN, IRA JUDELSON

Page 6

AO 199C   (Rev. 09/08) Advice of Penalties                                                    Page _____ of _____ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:   *CALVIN R. DARDEN, JR.*                          *14 MAG 283*

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*:

## Defendant Released

_____
*City and State*

### Directions to the United States Marshal

(     ) The defendant is ORDERED released after processing.

(     ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____  _____                 _____
                                                                                    *Judicial Officer's Signature*

                                                                     _____
                                                                                    *Printed name and title*

DISTRIBUTION:   COURT      DEFENDANT      PRETRIAL SERVICE      U.S. ATTORNEY      U.S. MARSHAL





It is unlawful to print this form without written consent of home office.

## POWER OF ATTORNEY

# INTERNATIONAL FIDELITY INSURANCE COMPANY

CORPORATE HEADQUARTERS
P.O. BOX 2810
CALABASAS, CA 91372-9810

| Authority For: | ITEM 1 | ITEM 2 Not Valid For Bond In Excess Of | ITEM 3 Executed and Notarized | ITEM 4 Not Valid If Used After | POWER NUMBER |
|---|---|---|---|---|---|
| | IRA JUDELSON  MICHAEL RENDE  To Act As Attorney-In-Fact | $500,000.00 | 4-1-13 | 4-1-14 | ILL- 29824 |

KNOW ALL MEN BY THESE PRESENTS: That the INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey Corporation, has made, constituted and appointed, and by these presents does make, constitute and appoint the person whose name is set forth in item (1) above its true and lawful Attorney-In-Fact for it and in its name, place and stead, to execute, seal and deliver for an on its behalf and as its act and deed, as surety,

a BAIL BOND on behalf of _____Calvin Darden_____ in the amount of $ _____300,000_____

To be given to _____STATE OF NY_____ Court

Provided:
(A)  That the authority of such Attorney-In-Fact to bind the company shall not exceed the sum set forth in item (2) above and
(B)  That the Power of Attorney is used on or before the date set forth in item (4) above, and
(C)  That this Power of Attorney is filed with the bond and retained as part of the court record.
The said Attorney-In-Fact is hereby authorized to insert in his Power-Of-Attorney the court and the name of the person on whose behalf this bond was given, and
(D)  The authority of this Attorney-In-Fact is limited to appearance bonds, in criminal cases only and cannot be construed to guarantee for failure to provide payments, back alimony payments, fines or wage claims.
*    THIS POWER VOID IF ALTERED OR ERASED AND CAN ONLY BE USED ONCE AND CANNOT BE COMBINED WITH OTHER POWERS OF THE COMPANY TO FURNISH BAIL IN EXCESS OF THE STATED FACE AMOUNT OF THIS POWER.
IN WITNESS WHEREOF THE INTERNATIONAL FIDELITY INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed on the date set forth in item (3) above.

INTERNATIONAL FIDELITY INSURANCE COMPANY

NORMAN R. KONVITZ, Executive Vice President

STATE OF NEW JERSEY
County of Essex

On the date set forth in Item (3) above, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is therein described and authorized officer of the International Fidelity Insurance Company; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company, pursuant to the following Resolution adopted since September 12, 1967 by the Directors of said Company, and now in force to wit:

RESOLVED, that the President or any Vice-President of INTERNATIONAL FIDELITY INSURANCE COMPANY is hereby authorized and empowered to appoint Attorneys-In-Fact with full power and authority to execute civil and criminal bail bonds on behalf of the Company, and to certify a copy of this resolution as well as a financial statement of the Company and affix the corporate seal of the Company thereunto.

RESOLVED further, that the signature of the President or any Vice-President of INTERNATIONAL FIDELITY INSURANCE COMPANY may be affixed by facsimile to any power of attorney, and the signature of the Secretary or any Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of such power, and any such power or certificate bearing such facsimile signature or seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed with respect to any bond to which it is attached continue to be valid and binding upon the Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, and the City of Newark, New Jersey the day and year first above written.

Mark P. Francis
Notary Public
My Commission Expires April 11, 2017

## CERTIFICATE OF DISCHARGE OF BOND

| AGENT'S NAME | | POWER LIMIT | EXPIRATION DATE | POWER NUMBER |
|---|---|---|---|---|
| MICHAEL RENDE | | $500,000.00 | 4-1-14 | ILL- 29824 |

This is to certify that I have examined the records of the court and found the liability of INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey Corporation, for the bond shown with the corresponding power number was terminated on _____

Court: _____

Defendant _____Calvin Darden_____
Amount $ _____300,000_____
Date Posted _____3/7/14_____
Charge _____Wire fraud    1343_____
Case No. _____14 MAG 283_____

By: _____ (Seal)
(Signature of Clerk or other officer of the Court)

INTERNATIONAL FIDELITY INSURANCE COMPANY
P.O. Box 9810
Calabasas, CA 91372-9810

THE PEOPLE OF THE STATE OF NEW YORK }

against

**Calvin Darden**

STATE OF NEW YORK }
CITY OF _**New York**_ } ss.:
COUNTY OF _**New York**_ }

Bail Affidavit
Sect. 520.20-4
Criminal Procedure Code

**IRA JUDELSON**
**BAIL BONDSMAN**
302 Atlantic Ave., Brooklyn, NY 11201
718-856-1541

_____ being duly sworn, deposes

and says, that he resides at _____,
and is an attorney in fact and agent of INTERNATIONAL FIDELITY INSURANCE COMPANY
the surety on the bail bond of the defendant in the above entitled action.
    That the consideration or compensation for becoming such surety on siad bond is:

Company Premium $ **30,000**

Agent's Service Charge $ **To be held**

paid by: promised by **Suhaine Pedroso**       **until exoneration**

That said surety, has received - has been promised - from each of the following persons:

residing at

1. **Suhaine Pedroso (Girlfriend)**   **39 N Gannon Ave, S.I, NY 10314**
2. _____   _____
3. _____   _____
4. _____   _____
5. _____   _____

as security against any loss on said bail bond, an indemnity agreement and confession of
judgment and the following described collateral:

1. **Collateral- Signature.**
2. **Promissory note - $300,000**
3. **Confession of Judgement - $300,000**
4. _____
5. _____

That the said surety, has received - has been promised - from:

residing at

1. **39 N. Gannon ave**   _____
2. **S.I, N.Y 10314**   _____
3. _____   _____

in business as                          at
1. **Sephora (Retail manager)**   **1 columbus Circle NY NY 10019**
2. _____   _____
3. _____   _____

an agreement in writing and confession of judgment duly executed, whereby they have contracted
and agree with the said surety to indemnity the said surety against any loss under said bail bond.

    That the said surety has not nor has any other person, firm or corporation on its behalf, either
directly or indirectly, received not has been promised any money or other property or thing of value or
consideration, nor any security, indemnity or guaranty of any kind whatsoever except, as herein set
forth, and except that the agent _____**MICHAEL RENDE**_____
has executed a general indemnity agreement and deposited general collateral for the benefit of the
surety only.

    That the amount herein set forth as the consideration or compensation received, promised or
agreed to be paid is the only sum of money or thing of value which has ever been received or
promised by any person, firm or corporation, in writing or otherwise, as the consideration or
compensation herein or for any other purpose whatsoever. No previous application for this bail has
been made to _____**Anyone**_____ and denied for the
following reasons _____ and
except for such application no previous application was made.

    That each of the foregoing statements are made by deponent to induce the Court to accept the said
surety on the bail bond of the defendant herein, and deponent knows of his own personal knowledge
that each of the foregoing statements is true, accurate and complete.

Sworn to before me this _____**7**_____

day of _____**March**_____, **2014**.   _____

IFIC-NY-002

Undertaking Code 568-531

# UNDERTAKING OF BAIL

STATE OF NEW YORK

COUNTY OF __New York__ } ss.: __14 MAG-283__

### (UNDERTAKING BEFORE INDICTMENT)

AN ORDER HAVING BEEN MADE on the __13__ day of __Februar__, __2014__,

by HON. _____

that __Calvin Darden__
_____(Defendant)_____

be held to answer upon a charge of __Wire Fraud 1343.__

### (UNDERTAKING AFTER INDICTMENT)

AN INDICTMENT HAVING BEEN FOUND on _____ day of _____, _____,

in the _____ Court, _____ County, charging

_____ with the crime of _____
_____(Defendant)_____

And he having been duly admitted to bail in the sum of $__300,000__

WE, __ABSENCE OF DEFENDANT__, of _____
_____(Defendant)_____                                      (Address)

occupation _____, and INTERNATIONAL FIDELITY INSURANCE

COMPANY of One Newark Center, 20th Floor, Newark, N.J., surety, hereby undertake, jointly and severally, that

the above named __ABSENCE OF DEFENDANT__ shall appear and answer the
_____(Defendant)_____

charge above mentioned, in whatever court it may be prosecuted, and shall at all times render himself amenable to

the orders and process of the court; and if convicted, shall appear for judgment, and render himself in execution

thereof; or if he fails to perform either of these conditions, that we will pay the People of the State of New York, the

sum of __Three hundred thousand__ ($ __300,000__) dollars.

Dated: __3/7/14__
_____ }

ABSENCE OF DEFENDANT
_____
                                                             (Defendant)

INTERNATIONAL FIDELITY
INSURANCE COMPANY (Surety)

By __MICHAEL RENDE__
_____
                                                        Attorney-in-Fact

STATE OF NEW YORK

COUNTY OF __New York__ } ss.:

On this __7__ day of __March__, __2014__, before me the subscriber

appeared __ABSENCE OF DEFENDANT__, known to me and to
_____(Defendant)_____

me personally known to be the same person described in and who executed the foregoing undertaking, and duly

acknowledged that he executed the same.

STATE OF NEW YORK

COUNTY OF __New York__ } ss.:

On the __7__ day of __March__, in the year __2014__, before me personally came

__MICHAEL RENDE__ who being by me duly sworn

did depose and say that he resides in the City of New York; that he is the Attorney-in-fact of INTERNATIONAL
FIDELITY INSURANCE COMPANY the corporation described in and which executed the above instrument;
that he knows the corporate seal of said corporation; that the seal affixed to said instrument is such corporate seal;
that is was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto as
Attorney-in-fact by like order; that said Company is a corporation organized, existing, and engaged in business as a
Surety Company under and by virtue of the Laws of the State of New Jersey, and has completed with all the
requirements of said laws applicable to said Company and is duly qualified to act as surety under the laws of said
State.

_____
Judge of the

NY-007 (REV. 2/00)